IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAUREN LAW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | FILE NO. 1:12-CV-02172-TWT-AJB |
| CLOROX SERVICES COMPANY, | : | |
| EXEL, INC., AND JIM LANE, | : | |
| | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANTS EXEL INC. AND JIM LANE

Defendants Exel Inc. ("Exel") and Jim Lane ("Lane") (collectively the "Exel Defendants"), by and through undersigned counsel, hereby file their Answer and Separate Defenses to the Complaint in the above matter as follows:

Answering the introductory, unnumbered paragraph of the Complaint, the Exel Defendants admit that Exel does business in the State of Georgia and that Lane lives within the judicial district and that Plaintiff filed her Complaint against all Defendants in this matter. The Exel Defendants deny any remaining allegations in the introductory, unnumbered paragraph of the Complaint.

Answering the numbered Paragraphs of the Complaint, the Exel Defendants state as follows:

1611828.1

1.

The Exel Defendants deny that Plaintiff was discriminated against or retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") or that the Exel Defendants violated the laws of the State of Georgia as set forth in the Complaint. The Exel Defendants admit the remaining allegations in Paragraph 1 of the Complaint.

2.

The Exel Defendants deny that any unlawful employment practices occurred. The remaining allegations in Paragraph 2 of the Complaint are admitted.

3.

The Exel Defendants admit the allegations in Paragraph 3 of the Complaint.

4.

The Exel Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore deny those allegations.

5.

The Exel Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore deny those allegations.

1611828.1

6.

The Exel Defendants admit the allegations in Paragraph 6 of the Complaint.

7.

The Exel Defendants admit the allegations in Paragraph 7 of the Complaint.

8.

The Exel Defendants admit the allegations in Paragraph 8 of the Complaint.

9.

The Exel Defendants admit the allegations in Paragraph 9 of the Complaint.

10.

The Exel Defendants deny the allegations in Paragraph 10 of the Complaint.

11.

The Exel Defendants deny the allegations in Paragraph 11of the Complaint.

12.

The Exel Defendants deny the allegations in Paragraph 12of the Complaint.

13.

The Exel Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore deny those allegations.

1611828.1

14.

The Exel Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny those allegations.

15.

The Exel Defendants admit the allegations in Paragraph 15 of the Complaint.

16.

The Exel Defendants admit the allegations in Paragraph 16 of the Complaint.

17.

The Exel Defendants admit the allegations in Paragraph 17 of the Complaint.

18.

The Exel Defendants admit the allegations in Paragraph 18 of the Complaint.

19.

The Exel Defendants deny the allegations in Paragraph 19 of the Complaint.

1611828.1

20.

The Exel Defendants deny the allegations in Paragraph 20 of the Complaint.

21.

The Exel Defendants deny the allegations in Paragraph 21 of the Complaint.

22.

The Exel Defendants deny the allegations in Paragraph 22 of the Complaint.

23.

The Exel Defendants deny the allegations in Paragraph 23 of the Complaint.

24.

The Exel Defendants deny the allegations in Paragraph 24 of the Complaint.

25.

The Exel Defendants deny the allegations in Paragraph 25 of the Complaint.

26.

The Exel Defendants deny the allegations in Paragraph 26 of the Complaint.

27.

The Exel Defendants deny the allegations in Paragraph 27 of the Complaint.

28.

The Exel Defendants deny the allegations in Paragraph 28 of the Complaint.

1611828.1

29.

The Exel Defendants admit that Plaintiff was issued a Corrective Action Notice dated July 15, 2011 for continuous missed punches. The Exel Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30.

The Exel Defendants deny the allegations in Paragraph 30 of the Complaint.

31.

The Exel Defendants deny the allegations in Paragraph 31 of the Complaint.

32.

The Exel Defendants deny the allegations in Paragraph 32 of the Complaint.

33.

The Exel Defendants deny the allegations in Paragraph 33 of the Complaint and further state that Lane did not request that Plaintiff engage in sexual relations.

34.

The Exel Defendants admit that Plaintiff was issued Probationary Performance Reviews. The Exel Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

1611828.1

35.

The Exel Defendants admit that Plaintiff's probationary period was extended to give Plaintiff additional time to improve her performance. The Exel Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36.

The Exel Defendants deny the allegations in Paragraph 36 of the Complaint.

37.

The Exel Defendants deny the allegations in Paragraph 37 of the Complaint.

38.

The Exel Defendants deny the allegations in Paragraph 38 of the Complaint.

39.

The Exel Defendants deny the allegations in Paragraph 39 of the Complaint.

40.

The Exel Defendants deny the allegations in Paragraph 40 of the Complaint.

41.

The Exel Defendants deny the allegations in Paragraph 41 of the Complaint.

42.

The Exel Defendants admit the allegations in Paragraph 42 of the Complaint.

1611828.1

43.

The Exel Defendants admit that human resources representative Lisa Guydon was in Lane's office during the meeting in which Plaintiff was discharged. The Exel Defendants deny the remaining allegations in Paragraph 43 of the Complaint.

44.

The Exel Defendants admit that HR representative Lisa Guydon noted in the discharge meeting that Plaintiff had been previously warned. The Exel Defendants deny the remaining allegations in Paragraph 44 of the Complaint.

45.

The Exel Defendants deny the allegations in Paragraph 45 of the Complaint.

46.

The Exel Defendants admit that during the meeting at which Plaintiff was discharged, she was told that her final check and Separation Notice would be mailed to her and that she was escorted off the work site. The Exel Defendants deny the remaining allegations in Paragraph 46 of the Complaint.

47.

The Exel Defendants incorporate their responses to Paragraphs numbered 1-46 above.

8
1611828.1

48.

The Exel Defendants admit the allegations in Paragraph 48 of the Complaint.

49.

The Exel Defendants deny the allegations in Paragraph 49 of the Complaint.

50.

The Exel Defendants deny the allegations in Paragraph 50 of the Complaint.

51.

The Exel Defendants deny the allegations in Paragraph 51 of the Complaint.

52.

The Exel Defendants deny the allegations in Paragraph 52 of the Complaint.

53.

The Exel Defendants deny the allegations in Paragraph 53 of the Complaint.

54.

The Exel Defendants incorporate their responses to Paragraphs numbered 1-53 above.

55.

The Exel Defendants deny the allegations in Paragraph 55 of the Complaint.

1611828.1

56.

The Exel Defendants admit that Plaintiff was discharged. The Exel Defendants deny the remaining allegations in Paragraph 56 of the Complaint.

57.

The Exel Defendants deny the allegations in Paragraph 57 of the Complaint.

58.

The Exel Defendants incorporate their responses to Paragraphs numbered 1-57 above.

59.

The Exel Defendants deny the allegations in Paragraph 59 of the Complaint.

60.

The Exel Defendants deny the allegations in Paragraph 60 of the Complaint.

61.

The Exel Defendants deny the allegations in Paragraph 61 of the Complaint.

62.

The Exel Defendants deny the allegations in Paragraph 62 of the Complaint.

63.

The Exel Defendants deny the allegations in Paragraph 63 of the Complaint.

1611828.1

64.

The Exel Defendants incorporate their responses to Paragraphs numbered 1-63 above.

65.

The Exel Defendants deny the allegations in Paragraph 65 of the Complaint.

66.

The Exel Defendants deny the allegations in Paragraph 66 of the Complaint.

67.

The Exel Defendants deny the allegations in Paragraph 67 of the Complaint.

68.

The Exel Defendants deny that Plaintiff is entitled to any of the relief requested.

69.

Any allegation of the Complaint not specifically admitted is denied.

## SEPARATE DEFENSES

1.

The Complaint fails to state claims upon which relief can be granted.

2.

Plaintiff's claims are barred to the extent that Plaintiff has failed to meet the

statutes of limitations applicable to the alleged causes of action.

3.

Plaintiff's claims are barred in whole or in part to the extent Plaintiff has failed to mitigate fully alleged damages or other losses required by law and are offset by any earnings, severance pay, unemployment compensation, and any other pay or benefits as required by law.

4.

To the extent Plaintiff claims loss of retirement, plan benefits or credits, health and welfare benefits, or any other benefits covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101, et seq., such claims are preempted by ERISA.

5.

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, unclean hands and estoppel.

6.

Any recovery on Plaintiff's Complaint may be barred in whole or in part due to after-acquired evidence.

7.

Any award of punitive damages in this case would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded under the United States Constitution and applicable and similar sections of the Constitution of the State of Georgia.

8.

Plaintiff is barred from pursuing claims for punitive damages because the alleged acts and omissions, if any, of the Exel Defendants fail to rise to the level required to sustain an award of punitive damages and do not approach wanton or willful conduct to support an award of such damages.

9.

Any award of compensatory or punitive damages under Title VII of the Civil Rights Act of 1964 ("Title VII") must be limited or restricted in accordance with the damages caps set forth in Title VII.

10.

Plaintiff's Title VII claims are barred to the extent they were not included in a timely charge of discrimination filed with the EEOC or were not investigated or conciliated by the EEOC.

11.

Defendant Lane cannot be sued in his individual capacity under Title VII.

12.

Plaintiff's Title VII claims are barred in whole or in part because Defendant Exel has adopted, effectively disseminated, and enforced an anti-discrimination/no-harassment policy and Defendant Exel neither knew nor had any reason to know of the alleged acts or omissions complained of in this case.

13.

Plaintiff's Title VII claims are barred in whole or in part because Plaintiff suffered no tangible job action, Defendant Exel exercised reasonable care to prevent and correct any alleged discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant Exel, or to otherwise avoid harm.

14.

Any award of punitive damages must be limited in accordance with O.C.G.A. § 51-12-5.1.

15.

If the Exel Defendants were negligent, which they vigorously deny, the negligence of Plaintiff proximately contributed to or was equal to or greater than

any alleged negligence on the part of the Exel Defendants. Plaintiff's claims are therefore barred in whole or in part.

16.

If the Exel Defendants were negligent, which they vigorously deny, Plaintiff, in the exercise of ordinary care, could have avoided the consequences of such alleged negligence.

WHEREFORE, the Exel Defendants, having fully answered the Complaint and raised separate defenses, demand dismissal of this Complaint and request that judgment be rendered in their favor and against Plaintiff with all costs, reasonable attorneys' fees, and such other relief that the Court would deem just and proper.

/s/ David R. Kresser
David R. Kresser
Georgia Bar No. 429615
FISHER & PHILLIPS LLP
1075 Peachtree St., NE
Suite 3500
Atlanta, GA 30309
(404) 231-1400 – Telephone
(404) 231-4249 - Facsimile
dkresser@laborlawyers.com

COUNSEL FOR DEFENDANTS
EXEL INC. AND JIM LANE

1611828.1

## CERTIFICATE OF SERVICE

I further certify that, on October 8, 2012, I electronically filed this **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS EXEL INC. AND JIM LANE** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

> J. Stephen Mixon
> Millar & Mixon, LLC
> 108 Williamson Mill Road
> Jonesboro, GA 30236
> steve@mixon-law.com

/s/ David R. Kresser
David R. Kresser