# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LAUREN LAW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | FILE NO. 1:12-CV-02172-TWT-AJB |
| CLOROX SERVICES COMPANY, | : | |
| EXEL INC., AND JIM LANE, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**The present action seeks the recovery of damages for the Defendants' violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, for sexual harassment, unlawful retaliation, as well as pendant state law claims for assault, battery and negligent retention/ supervision.**

**The legal issues in this care are as follows:**

**(1) whether Plaintiff was subjected to sexual harassment while she was an employee of Clorox Services Company and Exel Inc. so as to constitute a violation of Title VII of the Civil Rights Act of 1964, as amended;**

**(2) whether Plaintiff was subjected to retaliation after raising a complaint of sexual harassment while she was an employee of Clorox Services Company and Exel Inc. so as to constitute a violation of Title VII of the Civil Rights Act of 1964, as amended;**

**(3) whether Clorox Services Company and Exel Inc. ratified or condoned any of its employees' behavior so as to impose vicarious liability;**

**(4) whether Clorox Services Company and Exel Inc. negligently supervised or retained any of its employees;**

**(5) whether Defendant Jim Lane assaulted Plaintiff; and**

**(6) whether Defendant Jim Lane subjected Plaintiff to battery.**

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

Plaintiff intends to rely on the familiar body of case law interpreting the procedural and substantive requirements of 42 U.S.C §2000(e), Title VII of the Civil Rights Act of 1964, as amended, and the case law applicable to establishing liability under the pendent tort claims asserted pursuant to Georgia law.

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**See Witness List annexed as "Attachment A".**

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**Plaintiff has not yet retained an expert in this case. Plaintiff will supplement this portion of the Initial Disclosures as the need arises.**

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or

defenses unless solely for impeachment, identifying the subjects of the information.

**Please see "Attachment C".**

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.

**Please see "Attachment "D".**

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**None.**

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**None.**

Respectfully submitted this 31st day of October, 2012.

 /s/ J. Stephen Mixon
J. STEPHEN MIXON, ESQ.
Attorney for Plaintiff
Georgia Bar No. 514050

MILLAR & MIXON, LLC
108 Williamson Mill Rd.
Jonesboro, Georgia 30236
T: 770-955-0100
F: 678-669-2037
steve@mixon-law.com

# ATTACHMENT A

- Plaintiff Lauren Law, 317 Indian Lake Drive, Morrow, GA 30260, who may be contacted though her attorney of record;

- Defendant Jim Lane;

- Employees and management of Defendants Clorox Services company and Exel Inc. who worked for or with Defendants during the time Plaintiff was employed and/or who have knowledge of the facts surrounding this case.

Plaintiff will amend this portion as other witnesses are identified during the discovery process.

# ATTACHMENT B

Plaintiff has not yet retained an expert in this case. Plaintiff will supplement this portion of the disclosures as the need arises. At this time, Plaintiff would anticipate hiring an economist to help determine her damages.

# ATTACHMENT C

1. Documents contained in any investigative file of any governmental agency directly relating to the matters at issue herein (Equal Employment Opportunity Commission Investigative file).

2. Any documents produced by Plaintiff or Defendant during the discovery period of this matter.

3. Any documents in Plaintiff's personnel file while employed at Defendant Employer.

4. Documents showing Plaintiff's earnings while employed with Defendant Employer.

Plaintiff shall supplement this list as appropriate.

# ATTACHMENT D

## Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. Seq.

1. 1. Back Pay pursuant to 42 U.S.C. § 2000e-5(g)[1]. Plaintiff's ending pay rate multiplied by the number of weeks she has been unemployed to date, plus any deficiencies in her current pay and benefits; presently, with Plaintiff's back pay presently estimated to be $28,800.00 comprised of lost wages of $450.00 per week from July 27, 2011, through the date of trial of this matter. Plaintiff is also entitled to the employer's costs on benefits.*
2. Front Pay pursuant to *Patterson v. PHP Healthcare Corp.*, 90 F.3d 927, 943 (5th Cir. 1996) for a period of 52 weeks at $450.00 per week in lieu of reinstatement totaling $23,400.00.*
3. Compensatory Damages;
4. Punitive Damages;
5. Attorney's fees and Costs pursuant to 42 USC §2000e-(5)[k];
6. Equitable Relief.

## Pendant State Law Claims:

1. Damages to be determined by the enlightened conscious of the jury.


* These amounts do not include interest, and are subject to verification through discovery.

# ATTACHMENT E

Plaintiff has no such insurance agreements.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAUREN LAW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | FILE NO. 1:12-CV-02172-TWT-AJB |
| CLOROX SERVICES COMPANY, | : | |
| EXEL INC., AND JIM LANE, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel of record with a copy of the foregoing Plaintiff's Initial Disclosures with the Clerk of the Court of the United States District Court, for the Northern District of Georgia, Newnan Division, using the CM/ECF system, which will automatically send email notification to the following attorneys of record:

David R. Kresser

Respectfully submitted this 31st day of October, 2012.

[signature on next page]

/s/ J. Stephen Mixon
J. Stephen Mixon
Attorney for Plaintiff
Georgia Bar No. 514050

MILLAR & MIXON, LLC
108 Williamson Mill Rd.
Jonesboro, Georgia 30236
T: 770-955-0100
F: 678-669-2037
steve@mixon-law.com